[— NYS2d —]

In the Matter of SAUL JAKUBOWITZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 17, 1993

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Saul Jakubowitz,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice law in this State at the Second Judicial Department in 1977, and has maintained an office for said practice within the First Department at all relevant times since then. He now seeks to resign in the face

of allegations of misconduct currently being investigated by petitioner.

The allegations are that respondent falsely denied to his client in a personal injury action that a settlement had been obtained with one of the defendants, that the client's signature had been forged on a notarized release to that defendant's insurer in exchange for a settlement of $12,500, that he had falsely denied receiving and negotiating that settlement check, and that he had in fact used those funds for his own purposes. Respondent informs us that he made full restitution to the client more than a year ago. He further states that during the period in question, he was undergoing severe emotional and financial problems, including the death of his mother, the breakup of his marriage, the sudden onset of his youngest child's neurological disorder, and his own bout with cancer.

The rules of this Court (22 NYCRR 603.11 [a]) provide that an attorney under investigation may resign if he states that such resignation is freely and voluntarily rendered, not resulting from coercion or duress, and that he is fully aware of the implications of such action. Further, he must admit his awareness of any pending investigation into allegations of misconduct, and acknowledge that if formal charges were to be predicated upon such allegations, he would be unable to defend himself successfully on the merits. Respondent has submitted an affidavit which meets the requirements of section 603.11 (a). Petitioner urges its acceptance.

Accordingly, respondent's resignation should be accepted, and his name should be stricken from the roll of attorneys authorized to practice law in this State, effective immediately.

CARRO, J. P., MILONAS, WALLACH, KUPFERMAN and ROSS, JJ., concur.

Respondent's resignation is accepted and filed and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective June 17, 1993.